The opinion of the court was delivered by
Manning, C. J.
This suit commenced by attachment. The sum claimed is $3,287.07 with eight per centum interest on eight hundred dollars thereof from June 15, 1878, and on the residue thereof from December 1,1878. The attachment was ordered to issue on the plaintiffs giving bond in the sum, and conditioned, as the law directs. Bond was given in the sum of five thousand dollars.
The defendant moved to set aside the attachment on the ground, that there was no sufficient bond executed by plaintiff before the issuing of the writ as required by law. The amount of the bond lacks fifty seven dollars of exceeding the sum claimed and one half more.
If art. 245 of. the Code of Practice now requires, as it did formerly, that the amount of an attachment bond must exceed that which is .claimed one half, the bond given in this case is insufficient.
*688 The profession is familiar with the history of this article, yet it is necessary to go over it. The words used are, that the party applying for an attachment must give bond in a sum “ exceeding one half that which he claims.” The corresponding French text is de la moitié en sus de la somme par lui demandée. When a construction of this article first became necessary, resort was had to the French text. Our Codes were written mainly in French, and translated into the English tongue. The English text of the Code of Practice suffered by a bad translation, which made reference to the French text specially useful and often necessary. Said the court in Williams v. Barrow, 3 Louisiana, 57 — the “ article now under consideration is very obscure. A sum exceeding one half of the sum claimed cannot perhaps in fairness be understood to be only one half of that sum,” and following a construction already made of the article respecting appeal bonds, which was verbatim this one, the court said it meant the sum claimed and one half more.
This was adhered to ever afterwards, the court saying in Graham v. Burckhalter, 2 Annual, 415, one of the prerequisites to issuing the writ is that the bond shall be for a sum exceeding by one half that which he claims, and the same language is employed in Planters’ Bank v. Byrne, 8 Annual, 687.
When this Code was revised and re-enacted in 1870, the identical language of this article was retained. Its judicial construction had been settled since 1831, and no doubt it was thought that language, the meaning of which was unerringly known, had best be retained, since there could no longer be any dispute about it. Hence the first time this court had occasion to construe it after 1870, it was assumed that the Revisal meant what the original Code meant, and a'bond which was for the sum claimed and one half more, minus a deficiency of less than a dollar, was held good under the maxim de minimis. Bodet v. Nibourel, 25 Annual, 499, and we have repeated that construction. Miller v. Chandler, 29 Annual, 88.
The plaintiffs ask us to break this regular and unbroken line of decisions, and for no other reason than that the words of the law are precisely the same as before, which we think is the best reason for maintaining the construction that has been given before and since 1870. The argument appears to be, that because several gentlemen of the bar edited the Code of Practice at different times, and had the word “ by” printed in brackets in the text, and the compiler of the Revisal in 1870 did not insert that word, ergo it was designed that the construction which depends upon that word was intended to be excluded. Whereas we think that the compiler adhered to the exact words, that had always been in the Code, because their meaning was certainly known through a judicial construction that had never varied. The Code of Practice, for *689 some unaccountable reason, was put into the form of an Act in 1870, but we know that legislation, so far as it affects this Code, was merely revisory with very little revision, and it cannot be construed, as if it went on the statute book then for the first time. Besides, it is settled and has become axiomatic, that when laws are re-enacted in the same words of the original act, the judicial construction of those words is a part of the re-enactment.
The plaintiffs’ counsel treat the subject as if the word “by” had at one time been employed in this article of the Code, and was afterwards left out, when in fact it was never in the text, and what was in the text was construed as meaning “ the sum claimed and one half more.” The meaning this article has had since 1831 is imparted to it by, and is derived from, judicial construction, and was formulated in the first decision in the phrase above quoted, and not by the use of the preposition, the omission of which is the sole basis of the argument for a change of that construction. The injection or interpolation of “by” was not the cause or the consequence of that construction. The meaning is well expressed without its use, and was expressed in the words, “the sum claimed and one half more.” The omission of that word cannot therefore change that construction.
There is no need to interpolate any word. Change the collocation, and it will read “ exceeding that which he claims one half.” And if changing the collocation be as objectionable as interpolation, both were avoided when the construction of the words actually used was first judicially made.
It is manifest that the plaintiffs understood the article in the sense so long received. If it had been supposed to mean that the bond need be only in excess of <jne half of the sum claimed, a bond of seventeen hundred dollars would have been a compliance with the requirement. They gave a bond for five thousand dollars, and invoke the rule cle minimis. Those who invoke process of this kind have been uniformly required to fulfill the minutest requirement. Even if the application of that rule was justifiable when the deficiency of the bond was less than one dollar, such application is not a precedent to be followed in this case.
The lower court sustained the motion, and set aside the attachment, and its judgment is affirmed.